# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**RODNE DAVIS-MOAB**                                                        **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:18-cv-00217-KS-MTP**

**BILL BRYANT and D.G. FOODS**                                **DEFENDANTS**

## ORDER

This cause came before the Court on Defendant, Bill Bryant's Motion to Dismiss [7]. The Motion is now fully briefed. [13, 14]. The Court finds that the Motion is well taken and will be granted.

Plaintiff brings this action under federal question jurisdiction, specifically Title VII of the Civil Rights Act.[1] [1] at p. 3. Defendant Bill Bryant seeks dismissal on the grounds that he cannot be subject to individual personal liability on a Title VII Claim. Defendant is correct.

Under Title VII, an "employer" includes any "person engaged in an industry affecting commerce . . . and any agent of such a person." 42 U.S.C. § 2000e(b). The Fifth Circuit has held that "there is no individual liability for employees under Title VII." *Smith v. Amedisys Inc*., 298 F.3d 434, 448 (5th Cir. 2002) (citing *Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir.1999) and *Grant v. Lone Star Co*., 21 F.3d 649, 652 (5th Cir.1994)). Although Title VII's definition of employer includes "any agent" of an employer, "Congress's purpose was merely to import *respondeat superior* liability into Title VII." *Id*. at 448-449. In addition, a plaintiff may not maintain a Title VII action against both the employer and its agent in any official capacity. *See Indest*, 164 F.3d at 262.

---

[1] The Complaint actually alleges "Title VII of the Civil Rights Acct [sic] of 1990." The Civil Rights Act of 1964 was amended in by the Civil Rights Act of 1991; thus, there is no Civil Rights Act of 1990, but Plaintiff will receive the benefit of the doubt in making this error.

Plaintiff has alleged that he was employed by D.G. Foods as a safety manager (and manager) and that Bill Bryant was merely the owner who hired him. *Id*. at p. 4.[2] Plaintiff provides no coherent response in opposition to the Motion to Dismiss to clarify or change that fact.[3] Therefore, based on the aforementioned Fifth Circuit law interpreting Title VII, Bill Bryant cannot be liable to Plaintiff in his individual capacity or in any official capacity on Plaintiff's Title VII claim.

Accordingly, it is hereby ORDERED that Defendant Bill Bryant's Motion to Dismiss is granted. The case against Defendant Bill Bryant is dismissed with prejudice.

SO ORDERED AND ADJUDGED this 13th day of March 2019.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

U.S. Mail copy to:
Rodne Davis-Moab
504 Melba Ave.
Hattiesburg, MS 39401

---

[2] Documentation provided in support of the Complaint shows that Bill Bryant was the general manager. [6] at p. 1. This fact does not change the analysis.

[3] The Court agrees with Defendant's observation in his Reply that a majority of Plaintiff's ramblings in the Response [13] are simply incoherent and irrelevant/unrelated to the allegations pled in the original Complaint. In light of Plaintiff's inability to support his claim in response to the Motion to Dismiss, the Court finds that any amendment would be futile, and the Court will not afford such opportunity. *See Stripling v. Jordan Prod., Co*., 234 F.3d 863, 872 (5th Cir. 2000).